United States District Court
Southern District of Texas

**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ABDULLAH SAMIULLAH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-89 |
| | § | |
| ATTORNEY GENERAL PAM BONDI *et* | § | |
| *al.* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Petitioner Abdullah Samiullah's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441, (Dkt. No. 1), and Respondents' Motion to Dismiss, (Dkt. No. 13). On April 23, 2026, U.S. District Judge Marina Garcia Marmolejo referred these matters to the Undersigned for a hearing and Report and Recommendation. (Dkt. No. 23). For the reasons below, the Undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus*,* (Dkt. No. 1), be **GRANTED.** As a result, the Undersigned also **RECOMMENDS** that Respondents' Motion to Dismiss, (Dkt. No. 13), be **DENIED**.

## I. BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus on January 21, 2026, asking this Court to order his immediate release while he awaits his removal. (Dkt. No. 1 at 8). Respondents filed a Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss on February 17, 2026. (Dkt. No. 13). Pursuant to the District Judge's referral order, (Dkt. No. 23), an evidentiary hearing was held before the Undersigned on June 11, 2026. (Minute Entry dated June 11, 2026).

The relevant, undisputed facts in this case are established by the record and

1

the representations of counsel at the evidentiary hearing.

Petitioner Abdullah Samiullah is a native and citizen of Afghanistan who entered the United States without admission or parole near San Ysidro, California, on January 17, 2025. (Dkt. No. 13-2 at 1). He was then detained and placed in expedited removal proceedings pursuant to Section 235 of the Immigration and Nationality Act ("INA"). (*Id.*). Petitioner claimed fear of persecution and United States Citizenship and Immigration Services ("USCIS") conducted his credible fear interview on February 14, 2025. (*Id.*). On February 19, 2025, a Notice to Appear ("NTA") was issued after an asylum officer found Petitioner established a credible fear of persecution or torture. (*Id.*).

Petitioner's final removal hearing was held on June 12, 2025. (*Id.* at 2). At the removal hearing, Petitioner withdrew his applications for asylum and protection under the Convention Against Torture and Withholding of Removal. (*Id.*). The Immigration Judge then ordered Petitioner removed to Afghanistan. (*Id.*). Petitioner waived appeal.  (*Id.*).

On August 20, 2025, Immigration and Customs Enforcement, Enforcement Removal Operations ("ERO") was advised that Afghan nationals require a transportation letter issued by the government of Afghanistan in order to be returned to Afghanistan. (*Id.*). ERO sent a letter request on September 12, 2025. (*Id.*).

On December 3, 2025, Petitioner received a Post Order Custody Review ("POCR") in which he was advised that he would not be released from custody pending his removal. (Dkt. Nos. 13-2 at 2; 18 at 2). As of June 3, 2026, ERO San

Antonio is still awaiting a travel letter from Afghanistan. (Dkt. No. 33). ERO has not attempted to remove Petitioner to a third country since the travel letter request has not been denied. (Dkt. Nos. 13-2 at 2; 33 at 1).

In its June 5, 2026, Status Report, Respondents advised that "ERO San Antonio is unaware of any effect the current conflict with Iran has to complicate Petitioner's removal to Afghanistan." (Dkt. No. 33 at 1).

At the evidentiary hearing held before the Undersigned on June 11, 2026, Counsel for Petitioner advised that he has no information indicating that Petitioner ever sought voluntary departure. (Hrg. at 10:25:48–10:26:30). Petitioner is currently seeking release into the United States, rather than removal to Afghanistan. (Hrg. at 10:26:35–10:26:46). Respondents are not aware of any criminal history that Petitioner has within the United States or abroad. (Hrg. at 10:28:15–10:28:24). Respondents do not have a timeline as to when Afghanistan may issue a travel document, nor do Respondents know whether Afghanistan has issued any travel letter for any petitioner post-August 20, 2025. (Hrg. at 10:28:49–10:30:01). Neither counsel for each party knows whether there has been any administrative determination by DHS Headquarters' Post-Order Detention Unit as to whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. (Hrg. at 10:31:13–13:31-21). ERO did not indicate that the conflict with Iran has had an impact on either policy or ability to pursue removal to counties within the region near Iran. (Hrg. at 10:32:00–10:32:51). Issues related to removal of petitioners to Afghanistan pre-date the armed conflict with Iran, as those issues

relate to pre-existing Taliban control within Afghanistan. (Hrg. at 10:29:23–10:29:29 and 10:32:19–10:32:31).

As of January 13, 2026, the signature date of the Petition, Petitioner had been in ICE custody for over seven (7) months. Although it was originally alleged in the Petition that Petitioner had been granted a voluntary return, Petitioner later acknowledged in his Declaration in Support of his Petition that the Immigration Judge had actually issued a removal order, and that Petitioner's prior belief was incorrect. (Dkt. No. 18 at 1).

Petitioner argues that there is no significant likelihood of removal because due to diplomatic delays and regional instability, and that removal to a third country has not been pursued because Afghanistan has not denied the travel letter request. (Dkt. No. 28 at 5).

## II.    LEGAL STANDARD

The primary federal habeas corpus statute confers jurisdiction upon federal courts to hear claims that a person is being held in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241. Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a suit for "lack of subject-matter jurisdiction." The burden of establishing subject-matter jurisdiction rests on the Petitioner, and a motion to dismiss should only be granted if it appears certain that a petitioner cannot prove any set of facts in support of his claim that would entitle him to relief." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). The use of Federal Rule of Civil Procedure 12(b)(6) is inappropriate in a case

4

involving a writ of habeas corpus. *Miramontes v. Driver,* 243 F. App'x 855, 856 (5th Cir. 2007).

In *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001), the Supreme Court held 8 U.S.C. § 1231(a)(6) "limits an alien's post-removal period detention to a period reasonably necessary to bring about the alien's removal from the United States." Detention during a six-month removal period is presumptively reasonable, and an alien may be held in confinement beyond the six-month period "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

If an alien meets their burden of demonstrating that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, then the Government must respond with evidence sufficient to rebut that showing." *Id.* The parameters of a "reasonably foreseeable future" shrink as the period of post-removal confinement grows. *Id.*

When removal is no longer reasonably foreseeable, post-removal detention is no longer reasonable, unless a special circumstance exists involving highly contagious diseases, terrorism, violent mental disorders, or other special dangers to the public. *Id.* at 699; 8 C.F.R. § 241.14. If removal is reasonably foreseeable, the court should consider "the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Zadvydas*, 533 U.S. at 700.

### III.   ANALYSIS

Generally, Petitioner argues that his prolonged detention following the immigration court's entry of a final order of removal violates his Fifth Amendment due process rights and 8 U.S.C. § 1231(a)(6) as interpreted in *Zadvydas*. Respondents argue that the Petition should be dismissed for failing to state a claim that Petitioner's continued detention is unlawful under *Zadvydas*, and for failing to exhaust administrative remedies prior to seeking habeas relief under 28 U.S.C. § 2241.

**A.  Petitioner has met his initial burden under *Zadvydas*.**

In this case, Petitioner argues that there is no significant likelihood of removal due to diplomatic delays and regional instability, and that removal to a third country has not been pursued because Afghanistan has not denied the travel letter request. (Dkt. No. 28 at 5). Petitioner cites the Government's unsuccessful efforts over the past nine months to obtain a travel letter, despite multiple attempts. (*Id.*).

It is undisputed that Petitioner has been in ICE detention since June of 2025, has had a final order of removal for over a year, and that as of this date, Respondents have not pursued removal to a third county because Afghanistan has not denied any of the multiple travel letter requests. These facts alone are enough to establish that Petitioner has met his initial burden under *Zadvydas* of demonstrating that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701.

B. **Respondents have not responded with sufficient rebuttal evidence**.

Respondents argue that Petitioner's continued detention does not violate *Zadvydas* because 1) ERO is still working to remove Respondent, 2) ERO is still awaiting the travel letter request from Afghanistan, and 3) Petitioner has offered no evidence that Afghanistan intends to deny the travel letter request or otherwise block his removal. (Dkt. No. 13 at 8). Respondents argue that Petitioner has not established that no likelihood of removal exists under *Zadvydas*. (*Id*.).

District courts in this Circuit, to include those within the Laredo Division, have found that the Government's burden to provide evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending travel document request alone. *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697 at 706 (W.D. Tex. 2025) (collecting cases); s*ee Fazel v. Lyons*, No. 26-CV-00692, 2026 WL 1664099, at *5 (S.D. Tex. June 9, 2026) (A travel request alone from Afghanistan that has been pending since September 2025 cannot justify a petitioner's continued detention). Respondents have not offered any other evidence of progress towards effectuating Petitioner's removal in the past year since his removal became final other than a claim that ERO San Antonio is continuing to work with headquarters counterparts to obtain a travel letter from Afghanistan. (Dkt. No. 33 at 1). ERO first requested a travel document from Afghanistan on September 12, 2025. (Dkt. No. 13-2 at 2). Since then, no progress has been made towards removing Petitioner to Afghanistan, and no attempts have been made to remove him to a third country. (*Id*.). In fact, there's no evidence that ERO has actually communicated with Afghanistan

since September 12, 2025. Even though Afghanistan hasn't denied the travel letter request, the lack of progress towards obtaining the letter indicates that removal is not reasonably foreseeable. *See Misirbekov v. Venegas*, No. 1:25-cv-00168, 2025 WL 3033732, at \*2 (S.D. Tex. Oct. 29, 2025) (finding that a "lack of progress in removing Petitioner makes removal unlikely in the foreseeable future" for petitioner detained over nine months post-removal.). Further, a "remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Balouch v. Bondi*, No. 9:25-CV-216-MJT, 2025 WL 2871914, at \*3 (E.D. Tex. Oct. 9, 2025).

Finally, there is no evidence before the Undersigned that a special circumstance exists as outlined under 8 C.F.R. § 241.14, which might warrant continued detention even though removal is no longer reasonably foreseeable. Accordingly, the Undersigned finds that Respondents have failed to meet their burden and that Petitioner's continued detention violates his due process rights pursuant to *Zadvydas.*

### C. Respondents' argument that the petition should be dismissed due to Petitioner's failure to exhaust his administrative remedies fails.

Finally, Respondents argue that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. 8 C.F.R. § 241.13(d)(1) provides that "an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future."

This Court has previously held that exhaustion of a petitioner's administrative remedies is not required, as "the Fifth Circuit has not spoken directly regarding § 241.13(d)(1)'s applicability." *See Black v. Agudelo*, 5:25-CV-295 (S.D. Tex. Feb. 2, 2026) (Dkt. No. 21). Although Respondent provides non-binding district court opinions in support of the argument that a petitioner must submit a written request for release to the Headquarters Post-Order Detention Unit prior to seeking habeas relief from a court, the cited opinions appear to overlook the fact that 241.13(d)(1) provides that the eligible alien *may*, as opposed to *must*, submit a request. (Dkt. No. 13 at 9). Accordingly, the Undersigned is not persuaded by this argument.

## IV.　RECOMMENDATION

The Undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 be **GRANTED** and that Respondents be ordered to release Petitioner from their custody under conditions complaint with statutory requirements contained in 8 U.S.C. § 1231(a)(3). (Dkt. No. 1). It is further **RECOMMENDED** that Respondents' Motion to Dismiss be **DENIED**. (Dkt. No. 13).

## NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States

9

District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on this 18th day of June, 2026.

Christopher dos Santos
United States Magistrate Judge